```
 1                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF NEBRASKA
 2
     UNITED STATES OF AMERICA,    )   8:20CR44
 3                                )   July 21, 2020
          Plaintiff,             )   10:29 a.m.
 4                                )   Omaha, Nebraska
     VS.                          )
 5                                )
     JOSHUA BATES,                )
 6                                )
          Defendant.             )
 7

 8

 9              TRANSCRIPT OF GUILTY PLEA PROCEEDINGS`
               BEFORE THE HONORABLE MICHAEL D. NELSON
10                  UNITED STATES MAGISTRATE JUDGE

11

12                    A-P-P-E-A-R-A-N-C-E-S

13   For the Plaintiff:       Jody B. Mullis
                              Assistant United States Attorney
14                            1620 Dodge Street
                              Suite 1400
15                            Omaha, Nebraska 68102

16
     For the Defendant:       John J. Velasquez
17                            Velasquez Law Firm
                              14301 FNB Parkway
18                            Suite 100
                              Omaha, Nebraska 68154
19

20   Transcriber:            Allan G. Kuhlman
                              11408 North Vista Ranch Place
21                            Marana, AZ 85658
                              (520) 989-0626
22

23

24
     Proceedings recorded by digital recording; transcript
25   produced with computer.
```

1          (At 10:29 a.m. on July 21, 2020, with counsel for

2    the parties and the defendant present, the following

3    proceedings were had:)

4          THE COURT:  We're on the record now in United States

5    of America versus Joshua Bates.  It's case number 8:20cr44.

6          Counsel for the government, please enter your

7    appearance.

8          MR. MULLIS:  Jody Mullis appearing personally for

9    the government.

10          THE COURT:  For the defendant?

11          MR. VELASQUEZ:  Good morning, Your Honor, John

12    Velasquez appearing on behalf of the defendant, Joshua Bates,

13    who is present in court.

14          THE COURT:  Good morning, Mr. Bates.  It's important

15    that you speak clearly and loudly today so that we can make

16    sure that we get your voice recorded.

17          Sir, you have submitted a petition requesting leave

18    to withdraw your previous plea of not guilty and to enter a

19    plea of guilty to Count I of the indictment.

20          Before we can proceed any further I must determine

21    whether you consent to proceed before me as a magistrate

22    judge.

23          You have a right to a change of plea hearing before

24    a district judge.  Do you understand that right?

25          THE DEFENDANT:  Yes.

1          THE COURT:  In the alternative you may consent to

2    proceed before me as a magistrate judge.

3          If you consent to proceed before me, at the end of

4    the hearing I will enter written findings as to what occurred

5    in this hearing.

6          I will either recommend that your plea of guilty be

7    accepted or not accepted.  Do you understand?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you consent to proceed before me as a

10   magistrate judge?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Is it true that you wish to enter a

13   guilty plea today?

14         THE DEFENDANT:  Yes.

15         THE COURT:  I'll be asking you some questions about

16   your change of plea and the facts related to that charge.

17         Before I can do that you're going to need to be

18   placed under oath.

19         Would you please stand up and raise your right hand?

20         COURTROOM DEPUTY:  Do you solemnly swear or affirm

21   that the testimony you are about to give will be the truth,

22   the whole truth, and nothing but the truth?

23         THE DEFENDANT:  Yes.

24         THE COURT:  You may be seated.  Do you understand

25   that you're now under oath.

```
1                    THE DEFENDANT:  Yes.

2                    THE COURT:  Do you understand that your answers must

3      be truthful?

4                    THE DEFENDANT:  Yes.

5                    THE COURT:  Do you understand that your answers

6      could be used against you if you're later charged with

7      perjury or making a false statement?

8                    THE DEFENDANT:  Yes.

9                    THE COURT:  Sir, there are two purposes for this

10     hearing.

11                   First we must be sure that you understand the

12     consequences of a guilty plea.

13                   That is what may happen to you as a result of you

14     pleading guilty to the charge against you.

15                   Second, your guilty plea must be done freely and

16     voluntarily and without any delete or force.  Do you

17     understand?

18                   THE DEFENDANT:  Yes.

19                   THE COURT:  If you do not understand the questions

20     or words spoken today, please ask either ask me or

21     Mr. Velasquez to explain them.

22                   You may consult with him at any time during the

23     hearing.

24                   If necessary we will take a break so that you can

25     speak privately with him.  Do you understand?
```

1              THE DEFENDANT:  Yes.

2              THE COURT:  Sir, what is your full name?

3              THE DEFENDANT:  Joshua William Bates.

4              THE COURT:  And are you the defendant named in the

5      indictment in this case?

6              THE DEFENDANT:  Yes.

7              THE COURT:  How old are you?

8              THE DEFENDANT:  38.

9              THE COURT:  Where were you born?

10             THE DEFENDANT:  Here in Omaha.

11             THE COURT:  What is the highest level of education

12     you've achieved?

13             THE DEFENDANT:  12th.

14             THE COURT:  Throughout your lifetime you have had

15     mental health counseling and treatment.  Is that correct?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Are you currently receiving treatment or

18     counseling for your mental health condition?

19             THE DEFENDANT:  Sort of.  I'm in therapy in Cass

20     County, with the nurses at the Cass County Jail for my

21     anxiety.

22             THE COURT:  Are you on medications?

23             THE DEFENDANT:  Yes.

24             THE COURT:  What medications are you taking?

25             THE DEFENDANT:  It's the generic to Zoloft.

1          THE COURT:  And are you taking medications in the

2    dosage and frequency you're supposed to?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you believe that you're thinking

5    clearly today?

6          THE DEFENDANT:  A little bit.

7          THE COURT:  Well, I'm concerned about that.  I want

8    -- we need to make sure that you're thinking clearly so that

9    you can make sound decisions today, because you're going to

10   be entering a guilty plea.

11         Do you think that you're prepared and you're able to

12   do that?

13         THE DEFENDANT:  Yeah, I think.

14         THE COURT:  Are there medications that you're

15   supposed to be taking that you're not taking?

16         THE DEFENDANT:  I don't know.

17         THE COURT:  Pardon?

18         THE DEFENDANT:  I don't know.

19         THE COURT:  Are you aware of any medications that

20   have been prescribed to you that you're not taking?

21         THE DEFENDANT:  Well, not that have been prescribed

22   to me.  I took medicine when I was young, but --

23         THE COURT:  You're not under the influence of any

24   alcohol today --

25         THE DEFENDANT:  No.

1          THE COURT:  -- is that correct?

2          THE DEFENDANT:  No.

3          THE COURT:  And you're not under the influence of

4     any drugs, other than the medications that have been

5     prescribed to you?

6          THE DEFENDANT:  No.

7          THE COURT:  Is that true?

8          THE DEFENDANT:  I'm not.

9          THE COURT:  You're not under the influence of any

10    illegal drugs or alcohol?

11         THE DEFENDANT:  No.

12         THE COURT:  And you are taking medications that you

13    are supposed to be taking?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Now, it's important, because this is a

16    very important decision for you today, we need to make sure,

17    and I know that you're upset, and I can see that.

18         That would be a common emotion or stress for someone

19    who is about ready to enter a guilty plea.

20         Before we proceed today I need to be sure that

21    you're thinking clearly and you're prepared to make this

22    decision today.

23         THE DEFENDANT:  Yeah, I think I am.

24         THE COURT:  Okay.  Now, why don't you take a deep

25    breath.  We're in no hurry, okay?

1          And, again, if you need to take a break at any time
2     will you let us know?
3          Sir, if you need a break, will you let us know?
4          THE DEFENDANT:  Yeah.
5          THE COURT:  Are you ready to proceed?
6          MR. VELASQUEZ:  You have to answer yes or no.
7          THE DEFENDANT:  Yes.
8          THE COURT:  Let the record reflect that I've
9     observed the demeanor and conduct of the defendant and I do
10    find him competent to proceed with this hearing.
11         I do note that the defendant is somewhat upset and
12    I'm anticipating that's because he's making an important
13    decision today.
14         Based on the responses to my questions I think that
15    we can proceed and he's competent to proceed with this
16    hearing.
17         If for some reason, Mr. Velasquez, you believe
18    differently, or, Mr. Bates, if you feel like you need to take
19    a break or stop, please let us know.  Do you agree to do
20    that?
21         THE DEFENDANT:  Yes.
22         THE COURT:  Mr. Bates, you received a copy of the
23    indictment, that's the charging document in this case in this
24    case, before?
25         THE DEFENDANT:  A what?

1      THE COURT:  The charge against you, you received a

2  copy of that?

3      THE DEFENDANT:  I didn't get a copy, but I've seen

4  it.

5      THE COURT:  It's in front of you there?

6      THE DEFENDANT:  Yes.

7      THE COURT:  Have you read it and discussed it with

8  your attorney?

9      THE DEFENDANT:  Yeah, we went over it.

10      THE COURT:  In your petitions to enter a plea of

11  guilty you are asking to plead guilty to Count I in the

12  indictment which charges a violation litigation of Title 18,

13  United States Code, Section 2252(a)(4)(B) and (b)(2).  Is it

14  your intention to plead guilty to that charge?

15      THE DEFENDANT:  Yes.

16      THE COURT:  If there was a trial in this matter the

17  government would be required to prove to a jury each element

18  of that charge beyond a reasonable doubt.

19      The elements are as follows:  First, that you

20  knowingly possessed one or more films, videotapes, images,

21  computer disks, or other matter which contained one or more

22  visual depictions of child pornography.

23      Second, that you knew that the visual depiction or

24  depictions were of a minor engaging in sexually explicit

25  conduct.

1          Third, that the visual depiction had been produced

2    using materials that had been mailed, shipped or transported

3    in interstate or foreign commerce by any means, including by

4    computer.

5          And, four, that at least one visual depiction

6    involved a prepubescent minor or minor under the age of 12.

7          Five, that the events occurred here in the District

8    of Nebraska.

9          Mr. Mullis, did I properly set forth the elements of

10   this charge?

11         MR. MULLIS:  Yes, Your Honor.

12         THE COURT:  Mr. Velasquez, do you agree?

13         MR. VELASQUEZ:  Yes, sir.

14         THE COURT:  Mr. Bates, do you have any questions

15   about the nature of the charge filed against you or what the

16   government would have to prove in order to convict you of

17   this charge?

18         THE DEFENDANT:  No.

19         THE COURT:  Have you discussed the facts of this

20   case and any evidence the government has against you with

21   your attorney and offer any defenses that you think you may

22   have with regard to this charge?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Are you satisfied with the

25   representation that Mr. Velasquez has provided and the advice

1    given to you by him in this case?

2              THE DEFENDANT:  Yeah.

3              THE COURT:  The laws under which you are charged

4    provide certain penalties that can be imposed.  These

5    penalties are as follows:

6              Imprisonment of a maximum of twenty years and a

7    mandatory minimum of ten years.

8              A fine of not more than $250,000, or both such

9    imprisonment and a fine.

10             A supervised release term of at least five years, up

11   to life, in addition to a term of imprisonment.

12             A special assessment of a hundred dollars and

13   possible ineligibility for certain federal benefits.

14             I also want you to understand, sir, in cases where

15   restitution and forfeiture of property may be authorized or

16   agreed upon, the curt may issue payment of restitution or

17   order a forfeiture.

18             Before we go further, I want to know, Mr. Velasquez,

19   in the petition to enter a plea of guilty in the section

20   dealing with penalties --

21             MR. VELASQUEZ:  Yes, sir.

22             THE COURT:  On question number 15, that should show

23   a mandatory minimum of ten years because of a prior offense

24   in this case.  Is that correct, Mr. Mullis?

25             MR. MULLIS:  That is correct.

1    THE COURT:  So, looking at the defendant's answer to

2   question number fifteen, did he intend to put a minimum of

3   ten years and a maximum of twenty years?

4    MR. VELASQUEZ:  Your Honor, I miswrote that.  It

5   should be ten years.  I think I have zero there, but I

6   initially put ten years.  I have to change that.

7    THE COURT:  First of all, I'll grant you leave to

8   amend that on the original and hand it back here at the

9   conclusion of today's hearing.

10    I want to make sure that both you and your client

11   initial that change, okay?

12    MR. VELASQUEZ:  Right.

13    THE COURT:  Now, in addition, Mr. Mullis, do I need

14   to advise the defendant as an element with regard to the

15   prior offense?

16    MR. MULLIS:  Your Honor, the element -- it's a

17   sentencing enhancement the court would find, not something

18   the government would have to put forth in front of a jury.

19    So I don't think it's actually an element, but it

20   doesn't do any harm to advise.

21    THE COURT:  What we're talking about, Mr. Bates, is

22   that the statutory sentencing range in this case is a

23   mandatory ten years and a maximum of twenty years.

24    Because of the indictment there is an assertion that

25   you've had a previous conviction back in on May 9, 2008, in

1    the District Court of Douglas County, which increases the

2    statutory penalties in this case.

3            So with that said, Mr. Mullis, have I properly set

4    forth the elements in this case?

5            MR. MULLIS:  I believe so.

6            THE COURT:  Mr. Velasquez, do you agree with that?

7            MR. VELASQUEZ:  Yes, sir.

8            THE COURT:  And I've property set forth the proper

9    penalties in this case.  Do you agree with that, Mr. Mullis?

10           MR. MULLIS:  I believe so.

11           THE COURT:  Do you agree with that, Mr. Velasquez?

12           MR. VELASQUEZ:  Yes, sir.

13           THE COURT:  Mr. Bates, do you have any question

14   about the statutory penalties that you're facing on

15   conviction in this case?

16           THE DEFENDANT:  No.

17           THE COURT:  The United States Sentencing Commission

18   has issued guidelines that determine recommended sentencing

19   ranges for convicted federal offenders.

20           Have you talked to your attorney about the

21   sentencing guidelines and how they could apply in your case?

22           THE DEFENDANT:  Yes.

23           THE COURT:  The sentencing guidelines are not

24   mandatory, but they are advisory.

25           In other words, they must be considered, but they do

1    not have to be followed and you may be sentenced outside of

2    that advisory guideline range.  Do you understand?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that the advisory

5    sentencing guidelines range --

6              THE DEFENDANT:  Yes.

7              THE COURT:  One moment, sir.  Do you understand the

8    advisory sentencing guideline range may not be determined

9    until after a presentence investigation report has been

10   completed and considered by the court?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Some state penal systems allow parole,

13   which means release from prison before a person has served

14   all of a sentence imposed.

15             However, you are in a court of the United States,

16   the federal court, and in the federal system parole has been

17   abolished.

18             Do you understand that concerning any sentence to

19   imprisonment under federal law parole does not exist and

20   therefore if you are sentenced to imprisonment you will not

21   be released on parole?

22             THE DEFENDANT:  Yes.

23             THE COURT:  In addition to any sentence of

24   imprisonment the court must include a term of supervised

25   release to be completed after you have served any sentence of

1   imprisonment.

2          During this term you'll be supervised by a probation

3   officer and you must comply with certain conditions.

4          Sir, do you understand generally what is meant by

5   supervised release?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you understand that if you violate a

8   condition of supervised release your supervised release may

9   be revoked and you may be returned to prison and be required

10  to serve in prison all or part of that term of supervised

11  release without credit for any time you had been on

12  supervision?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you have any questions about

15  supervised release?

16         THE DEFENDANT:  No.

17         THE COURT:  If your plea of guilty is accepted you

18  will be found guilty of a felony.  This can later work to

19  your disadvantage.

20         For instance, if you're later convicted of another

21  crime, your sentence for that crime could be increased simply

22  because of your conviction in this case.  Do you understand?

23         THE DEFENDANT:  Yes.

24         THE COURT:  In addition, conviction of the offense

25  may deprive you of eligibility for certain federal benefits

1    and valuable civil rights, such as the right to vote, the

2    right to hold public office, the right to serve on a jury,

3    the right to possess any kind of firearm.  Do you understand?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Because this is a Rule 11(c)(1)(C)

6    agreement and you have agreed to a specific sentence or

7    guideline, you will have an opportunity to withdraw your

8    guilty plea and change your plea of guilty to not guilty if

9    the court does not accept the terms of your plea agreement

10   and the stipulated sentence or guideline.

11             Alternatively under that circumstance you could

12   elect to proceed to sentencing if you so choose,

13   understanding that the court will not be bound by the plea

14   agreement.  Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you also agree to waive your right to

17   withdraw your guilty plea under Federal Rule of Criminal

18   Procedural 11(d) before it is accepted for any reason, or no

19   reason, or after it is accepted for a just and fair reason.

20             The one exception is you could withdraw your guilty

21   plea under Federal Rule of Criminal Procedure 11(c)(5) if the

22   court does not accept the terms of your plea agreement?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Regarding your petition to enter a plea

25   of guilty, do you read, write and understand the English

1 language?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Did you read the petition and

4 voluntarily sign that petition?

5        THE DEFENDANT:  Yes.

6        THE COURT:  Did you voluntarily answer each question

7 in the petition?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Under penalty of perjury, do you swear

10 that each of your answers in your petition is truthful?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Do you have any questions about anything

13 in your petition?

14        THE DEFENDANT:  No.

15        THE COURT:  With regard to the plea agreement, did

16 you read and sign the plea agreement and fully discuss it

17 with your attorney?

18        THE DEFENDANT:  Yes.

19        THE COURT:  I'm now going to ask Mr. Mullis to

20 summarize the terms of plea agreement.  Please listen

21 carefully.

22        MR. MULLIS:  Pursuant to the terms of the plea

23 agreement the defendant, Joshua Bates, will plead guilty to

24 Count I of the indictment, a violation of Title 18, United

25 States Code, Section 2252(a)(4)(B) and (b)(2), possession of

1   child pornography.

2          Per this plea agreement, this is under Rule

3   11(c)(1)(C) of the Federal Rules of Criminal Procedure, the

4   defendant shall be sentenced to 120 months imprisonment.

5          Following his term of imprisonment he shall be

6   placed on supervised release for fifteen years.

7          Per the terms of this agreement, Mr. Bates waives

8   any and all rights to appeal or collaterally attack the

9   sentence or conviction in this matter.

10          THE COURT:  Mr. Velasquez, are those the terms of

11   the plea agreement between your client and the government as

12   you understand them?

13          MR. VALASQUEZ:  Yes, Your Honor.

14          THE COURT:  And does the written plea agreement

15   contain all the terms of the entire plea agreement between

16   your client and the government?

17          MR. VALASQUEZ:  Yes, sir.

18          THE COURT:  Mr. Bates, do you agree those are the

19   terms of the plea agreement that you've made with the

20   government as you understand the terms?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And does your written plea agreement

23   contain all the terms, conditions and promises of your

24   agreement with the government in this case?

25          THE DEFENDANT:  Yes.

1          THE COURT:  In your plea agreement you waive or give

2     up your right to appeal your conviction and the sentence

3     imposed upon you except in certain circumstances as set forth

4     in your plea agreement.

5          THE DEFENDANT:  Yes.

6          THE COURT:  You would otherwise have the right to an

7     appeal.  Do you understand you are giving up that right?

8          THE DEFENDANT:  Yes.

9          THE COURT:  You are also waiving and giving up the

10    right to file any post-conviction proceedings, except in

11    certain circumstances as set forth in your plea agreement.

12         Do you understand that you are also giving up that

13    right?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Mr. Velasquez, were there any other

16    offers of a plea agreement made by the government in this

17    case that you did not fully and accurately discuss with your

18    client?

19         MR. VALASQUEZ:  No, sir.

20         THE COURT:  Mr. Bates, did you have a full

21    opportunity to consider the plea offers made in this case?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Did you voluntary sign the written plea

24    agreement with the government?

25         THE DEFENDANT:  Yes.

1    THE COURT:  Other than the agreements that are in

2    the written plea agreement, did anyone make any promises to

3    you or threaten you to get you to sign the plea agreement?

4    THE DEFENDANT:  No.

5    THE COURT:  Do you have any questions about your

6    plea agreement?

7    THE DEFENDANT:  No.

8    THE COURT:  You have certain constitutional rights

9    which you give up when you plead guilty.

10    Please listen carefully because I'm going to be

11    asking you whether you understand that you have each of these

12    rights and whether you voluntarily give up these rights.

13    You have the right to plead not guilty to any

14    offense charged against you and to go to trial on the charge

15    filed against tie in this case.

16    You have a right to a speedy and public trial.

17    You have the right to the assistance of an attorney

18    without cost to you if you cannot afford an attorney.

19    You have the right to a trial, to have a jury

20    determine whether the government has proved beyond a

21    reasonable doubt each and every material element of the

22    charged offense.

23    You have the right to see and hear all witnesses and

24    cross-examine any person who is a witness against you.

25    You have the right to decline to testify at your

1    trial so you cannot be compelled to incriminate yourself.

2              You do have the right to testify in your own defense

3    if you so choose.

4              You have the right to subpoena and present witnesses

5    or other evidence to assist you in your trial, and deciding

6    not to testify or put on any evidence cannot be used against

7    you.

8              Do you understand that under the Constitution of the

9    United States you do have and can use all of these rights?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you understand that if your plea of

12   guilty is accepted there will not be a trial on the charge

13   filed against you because when you plead guilty you're giving

14   up your right to a trial?

15             THE DEFENDANT:  Yes.

16             THE COURT:  If your plea of guilty is accepted you

17   give up the right to challenge the way in which the

18   government has obtained its evidence against you.

19             For example, the manner in which you were

20   questioned, or the manner in which you, your home, or your

21   property were searched.  Do you understand?

22             THE DEFENDANT:  Yes.

23             THE COURT:  To get you to waive these constitutional

24   rights, has anyone connected with law enforcement, or anyone

25   else, threatened you, directly or indirectly, used any force

1    against you, or promised you anything, other than what is

2    contained in your written plea agreement?

3             THE DEFENDANT:  No.

4             THE COURT:  Have you discussed your constitutional

5    rights with your attorney?

6             THE DEFENDANT:  Yes.

7             THE COURT:  And do you freely and voluntarily give

8    up these constitutional rights with respect to the charge to

9    which you are pleading guilty?

10             THE DEFENDANT:  Yes.

11             THE COURT:  No forfeiture in this case?

12             MR. MULLIS:  There is no forfeiture, Your Honor;

13    however, under federal statute Mr. Bates may be subject to

14    restitution requested by victims that are identified.

15             THE COURT:  I did advise Mr. Bates that there could

16    be an order of restitution in this case.  Do you understand

17    that, Mr. Bates?

18             THE DEFENDANT:  Yes.

19             THE COURT:  After consideration of the responses of

20    the defendant in this case to all questions asked thus far,

21    I now find that he's competent to plead, understands the

22    nature of the charge filed against him and the possible

23    penalties that could be imposed.

24         He understands his rights, willingly, voluntarily,

25    knowingly waives those rights, and further understands the

1    consequences of waiving his rights, including the fact there

2    will be no trial in this case because he is pleading guilty.

3            I therefore accept the defendant's waiver of his

4    rights.

5            Mr. Bates, knowing and understanding everything in

6    your petition to enter a plea of guilty, your written plea

7    agreement, and understanding what we've discussed during this

8    hearing, how do you now plead to the charge set forth in

9    Count I of the indictment in this case?

10           THE DEFENDANT:  Guilty.

11           THE COURT:  To get you to plead guilty to that

12   charge, has anyone connected with law enforcement, or anyone

13   else, threatened you, directly or indirectly, used any force

14   against, or promised you anything, other than what is

15   contained in your written plea agreement?

16           THE DEFENDANT:  No.

17           THE COURT:  And are you freely and voluntarily

18   pleading guilty to the charge set forth in Count I of the

19   indictment?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Are you in fact guilty of that charge?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Now I'm going to ask Mr. Mullis to tell

24   me generally what facts the government would expect to prove

25   if there were a trial in order to convict you of the charge

1    against you.  Please listen carefully.  Mr. Mullis?

2          MR. MULLIS:  Your Honor, before I get going, the

3    factual basis I'm about to recite is largely reflected in the

4    plea agreement.  I'm going to largely recite it.

5          I would note that there's some individuals in the

6    courtroom here, they certainly have a right to be here, but

7    based on the rather explicit nature of what I'm going to say

8    it may make sense if they want to leave for a couple minutes,

9    they could do so.

10          THE COURT:  Thank you, Mr. Mullis.  Sir, are the two

11    -- I'm sorry, because everybody is masked and I appreciate

12    that, I'm not sure if the two females next to you, are they

13    minors?  Are they here for the next case?

14          You are certainly able to be here, but because of

15    the nature of this case it may be helpful if you would step

16    out and I will have the marshals come back and get you when

17    the next case is called.

18          UNIDENTIFIED:  Okay.

19          THE COURT:  Thank you.  Thank you, Mr. Mullis.  You

20    may proceed.

21          MR. MULLIS:  Your Honor, if there were a trial in

22    this case and the government offered evidence it would offer

23    evidence that on October 11th, 2019, law enforcement officers

24    executed search warrants at the residence of the defendant,

25    Josh Bates.  This residence is located in Columbus, Nebraska.

1          Officers located various items, including the

2     defendant's laptop computer, which was located in his

3     bedroom.

4          Officers later forensically examined the laptop

5     computer.

6          237 files containing child pornography was located

7     on the hard drive of the laptop computer.

8          These images involved minors, including prepubescent

9     minors, and minors under the age of 12 years old, I would

10    note the factual basis erroneously omits the age, engaging in

11    sexually explicit activity.

12         One file of child pornography located on the hard

13    drive of the defendant's laptop computer is a nine minute and

14    35 second video involving, among other things, a naked

15    prepubescent male victim performing oral sex on an adult male

16    and the adult male inserting his penis into the anus of the

17    prepubescent male victim and sexually assaulting the

18    prepubescent male victim.

19         The defendant was knowingly in possession of files

20    of child pornography saved on the hard drive of his laptop

21    computer.

22         The hard drive in the defendant's laptop container

23    containing the images of child pornography was manufactured

24    outside Nebraska.

25         The defendant obtained the images of child

1   pornography via the internet.

2          The government would also offer evidence and at its

3   sentencing the government would put evidence in front of the

4   court that prior to October 11th of 2019 the defendant was

5   previously convicted on or about May 9th, 2008, of unlawful

6   possession of intent to distribute child pornography, five

7   counts, and visual depiction of sexually explicit conduct,

8   three counts, in the District Court of Douglas County,

9   Nebraska, case number CR10-9066019, which also is associated

10  with docket number 173-818.

11         THE COURT:  Mr. Bates, do you agree to all the facts

12  that are set forth in the plea agreement which you've

13  stipulated to with the government and those facts recited by

14  Mr. Mullis just now during this plea hearing?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Do you agree that the government would

17  be able to prove all those facts?

18         THE DEFENDANT:  Yes.

19         THE COURT:  And is that what happened in this case?

20         THE DEFENDANT:  Yeah.

21         THE COURT:  Yes?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And are those facts true?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Mr. Mullis, do you certify that the

1   defendant's guilty plea is freely, voluntarily, knowingly and

2   intelligently made and that there is a factual basis for his

3   guilty plea?

4           MR. MULLIS:  Yes, Your Honor.

5           THE COURT:  Are there any questions that you believe

6   should be posed to him?

7           MR. MULLIS:  No.

8           THE COURT:  Mr. Velasquez, do you certify that your

9   client's guilty plea is freely, voluntarily, knowingly and

10  intelligently made and that there's a factual basis for his

11  guilty plea?

12          MR. VALASQUEZ:  Yes, Judge.

13          THE COURT:  Are there any questions that you believe

14  should be posed to your client?

15          MR. VALASQUEZ:  No, sir.

16          THE COURT:  The court now finds the defendant

17  competent and capable to enter an informed plea to the charge

18  against him.

19          He is aware of the nature of that charge and the

20  consequences of his guilty plea.

21          His guilty plea is knowing and voluntary and

22  supported by a factual basis concerning each essential

23  element of the offense charged in Count I of the indictment.

24          The defendant is aware that his answers during these

25  proceedings may be used against him if there's later a charge

1    of perjury or false statement.

2            I will recommend, sir, that your guilty plea be

3    accepted and I will order that a presentence investigation

4    report be prepared.

5            The presentence process may include an interview so

6    that you can provide all information you feel helpful in

7    determining your sentence and appropriate classification,

8    programming and supervision matters.

9            Your level of cooperation is important and should be

10   discussed with your attorney, who is experienced in these

11   matters.

12           Any determination concerning the defendant's plea

13   agreement, that is whether to accept or reject the plea

14   agreement, will be deferred until after the court has

15   reviewed the presentence investigation report and the case

16   proceeds to sentencing.

17           I will enter an order on sentencing schedule.  At

18   the conclusion of today's hearing it be available on CM-ECF.

19           I will tell you that the sentencing here will be

20   scheduled before District Judge Buescher on October 14th,

21   2020, at ten o'clock in the morning.

22           The defendant has been in custody pending

23   proceedings in this.

24           He'll remain in custody and will be remanded to the

25   custody of the United States Marshal pending sentencing and

1    further order of the court.

2         Are there any further matters that can be addressed

3    on behalf of the government?

4         MR. MULLIS:  No, Your Honor.

5         THE COURT:  On behalf of the defendant?

6         MR. VALASQUEZ:  No, Your Honor.  Thank you.

7         THE COURT:  You're welcome.  Good luck, Mr. Bates.

8    We are adjourned.  The defendant is remanded.  We're in

9    recess.  The parties are excused.

10             (11:00 a.m. - Adjournment)

11               C-E-R-T-I-F-I-C-A-T-E

12        I, Allan G. Kuhlman, do hereby certify that the

13   foregoing transcript is a true and accurate transcription, to

14   the best of my ability, from the digital recording of the

15   proceedings held in this matter.

16        Dated August 5, 2020.

17

18                          s/Allan G. Kuhlman
                            Allan G. Kuhlman
19

20

21

22

23

24

25